[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The above entitled matter claims a dissolution of marriage and other relief, as on file, came to this court on July 26, 1988, and hence to later dates when the parties were at issue and heard at trial.
The court finds the parties were intermarried on June 28, 1969 at Preston, Connecticut; that the parties have resided in this state more than one year next preceding the date of the filing of this complaint; the parties have two children, issue of the marriage, Timothy Paul Landry born September 18, 1972, and Tad Robert Landry born April 6, 1975; neither party or their issue are or ever have received governmental assistance.
On the basis of all the evidence before me, I find the actions and conduct of the plaintiff to be the main factors in the marriage breakup. Therefore, a finding is made that said marriage is irretrievably broken down with no reasonable prospect for reconciliation and a decree of dissolution of said marriage may enter.
Creditability is for the court to determine. The testimony of the defendant is more believable than that of the plaintiff.
After carefully considering the evidence, exhibits and financial statements in this case and taking into consideration all the criteria set forth in the following sections of the CT Page 2506 Connecticut General Statutes section 46b-81 as to division of marital assets; section 46b-82 as to alimony; section 46b-56
as to custody; section 46b-84 as to support; section 46b-59 as to visitation; and section 46b-62 as to attorney fees; the following orders are issued and entered as part of the decree:
1. Custody of the minor child Tad Robert Landry, born April 6, 1975, shall be joint with primary residence with the mother subject to the father's rights of reasonable visitation. The parties shall exert every reasonable effort to maintain free access and unhampered contact between the child and each of the parties, and to foster a feeling of affection between the child and the other party.
2. The plaintiff father shall pay the sum of One Hundred Fifty ($150.00) Dollars per week for child support commencing one week after date of judgment.
3. The plaintiff father shall pay the costs involved for the minor son to attend a selected summer camp, caring for diabetics, for the health and well-being of said minor.
4. The plaintiff father shall maintain CMS-Blue Cross health insurance or its equivalent for the benefit of said child until said minor child reaches the age of eighteen (18) years. Further he shall pay one-half (1/2) of all unreimbursed medical, dental, diagnostic, psychiatric, orthodontic and prescription expenses.
5. The plaintiff father shall pay one-half (1/2) of all necessary and reasonable expenses incurred by said minor while attending Xavier High School including specifically tuition costs and other fees.
6. The plaintiff husband shall pay the wife the sum of One Hundred ($100.00) Dollars per week as periodic alimony commencing one week from date of this judgment. No alimony is awarded to the plaintiff husband.
7. The proceeds from the sale of the Florida condominium held in escrow shall be divided by the parties equally after the following deductions are made:
Amount in escrow $25,197.95 plus accrued interest, less:
$4,200.00 loan incurred to forestall foreclosure
 $3,000.00 capital gains taxes due for sale of said property CT Page 2507
 $5,400.00 Xavier High School tuition due for 1990-1991
$ 500.00 to settle Peoples Bank lawsuit
NOTE: Plaintiff is subject to repayment of $5,000.00 for auto purchase per court order dated September 11, 1990 and subject to payment of $650.00 arrearage, see order 1112. Both shall be deducted from the plaintiff's share and paid to the defendant.
8. The defendant shall receive and retain all right, title, ownership and interest in the two (2) IRA accounts; an account with Bank of Southington; and two (2) checking accounts and a 1986 Buick automobile. The plaintiff shall, execute all necessary documents to effectuate full ownership of the above accounts and automobile to the defendant. The plaintiff shall relinquish any claim to the above.
9. The plaintiff husband shall receive and retain the following assets: Nuveen Municipal Bond Account; all accounts with Tucker Anthony, Inc., except those for which the plaintiff is custodian for any person; the Washington Trust, Westerly, Rhode Island; Hartford National and Shawmut Bank Stocks; Templeton account The defendant wife shall relinquish and have no claim against the plaintiff for any withdrawals which the plaintiff has made from any of the above accounts.
10. The plaintiff husband shall quit claim all right, title and interest in the family home at 165 Blue Hills Drive, Southington, Connecticut to the defendant wife and she shall assume the mortgage thereon and hold the plaintiff harmless from any payment thereon. All items of furniture, furnishings, adornment and antiques contained in said premises shall belong to the defendant.
11. The defendant wife shall quit claim all right, title and interest to property located at 127 Charleston Beach Road East, South Ringston, Rhode Island to the plaintiff husband. Simultaneously, the said husband shall execute a mortgage note and deed in the amount of $100,000.00 to the said wife with the customary residential loan clauses. Said mortgage shall bear interest at the rate of five per cent (5%) per annum. The principal together with interest due and payable in full when one of the following occurs, whichever is earliest:
a. the failure of the husband to use the house as his principal residence.
b. the husband's death. CT Page 2508
c. three (3) years from date hereof.
All items of furniture, furnishings, adornment and antiques now contained in said premises shall belong to the plaintiff.
12. The plaintiff shall pay to the defendant the sum of $650.00 for the balance due of a court found arrearage, which sum is to be deducted from the plaintiff's share of the net proceeds of Ft. Meyers, Florida property sale referred to in order #7 above.
13. Each party to assume and pay all debts listed on their respective financial affidavits except as otherwise stated by order of the court.
14. The plaintiff husband shall continue to maintain all his present life insurance policies, naming the minor child as primary irrevocable beneficiary thereon until the age of eighteen (18).
15. The parties shall file an amended 1989 joint tax return forthwith and any refund shall be split. The plaintiff shall pay any taxes which may be due thereon.
16. The plaintiff husband shall obtain, provide and maintain within 60 days of date hereof a term life insurance policy in the amount of $100,000.00 and name the defendant as primary irrevocable beneficiary thereon. The husband shall provide evidence of such coverage to wife annually to show that said policy is in full force and effect.
17. The parties shall pay their own attorney fees.
JOSEPH F. MORELLI STATE TRIAL REFEREE